IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
DIV.
2011 FEB -4 PM 3:33
CLERK
SO. DIST. OF GA.

FRANKLIN L. WILLIAMS,

   Petitioner,

v.             CIVIL ACTION NO.: CV510-056

K. EDENFIELD, Warden, and
THURBERT E. BAKER, Attorney
General, State of Georgia,

   Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Franklin Williams ("Williams") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction obtained in the Ware County Superior Court. In his petition, as amended, Williams asserts the following grounds for relief: 1) the grand jury which indicted him was not properly seated, as the grand jury had been relieved of its duties; 2) he was not subject to the trial court's jurisdiction because he was not indicted; 3) the prosecution against him was illegal because the grand jury did not indict him; 4) a miscarriage of justice occurred because the November 1996 grand jury was discharged from its duties; 5) the Ware County Superior Court violated his rights by issuing a permanent injunction against him without hearing the matter; and 6) he is actually innocent of the crime for which he was convicted because he was not indicted properly.

AO 72A
(Rev. 8/82)

Williams previously filed a section 2254 petition in this Court attacking that conviction. In that petition, Williams set forth four (4) grounds for relief: 1) the criminal judgment against him is void because the grand jury was not seated properly; 2) the trial court lacked jurisdiction without a proper indictment; 3) he is being falsely imprisoned due to this improper indictment; and 4) the indictment against him was fraudulent. (CV507-101, Doc. No. 2). The undersigned recommended that Williams' petition be dismissed. Williams filed no objections, and the Honorable Lisa Godbey Wood adopted the undersigned's recommendation as the opinion of the Court by Order dated October 21, 2008. (Id. at Doc. No. 25).

Williams then filed another section 2254 petition, Williams v. Chase, CV509-20, in which he asserted the same grounds for relief as he had in CV507-101. (CV509-20, Doc. Nos. 1, 9). Judge Wood dismissed that petition as being a second or successive § 2254 petition filed without prior authorization from the Eleventh Circuit Court of Appeals. (Id. at Doc. No. 9).

Pursuant to Rule 4 of the Rules governing petitions brought under 28 U.S.C. § 2254:

> The clerk must promptly forward the petition to a judge . . ., and the judge must promptly examine [the petition]. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Before a second or successive application is filed in a district court, the applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis supplied). This "gatekeeping" requirement transfers a second or successive application from the district

court to the court of appeals, pursuant to 28 U.S.C. §1631, as a motion for authorization to proceed in district court. See Felker v. Turpin, 518 U.S. 651, 664 (1996). "If applicable, section 1631 authorizes a transfer that is in the interest of justice." Guenther v. Holt, 173 F.3d 1328, 1330-31 (11th Cir. 1999). However, a transfer may not be authorized in certain instances, as set forth in 28 U.S.C. § 2244(b). This section provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application *shall* be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall* be dismissed, *unless*–
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(emphases added).

In the case *sub judice*, Williams has failed to move the Eleventh Circuit Court of Appeals for an order authorizing this Court to entertain his second or successive petition.[1] While it would ordinarily be permissible for this Court to transfer his petition to

---

[1] A dismissal with prejudice of a prior petition makes any subsequent petition second or successive. Guenther, 173 F.3d at 1329. Williams' petition filed with the Middle District of Georgia on December 17, 2007, and transferred to this Court on December 19, 2007, was dismissed with prejudice. (CV507-101, Doc. Nos. 21, 25, and 26).

the Court of Appeals, it is not in this case. Williams' petition is barred under the gatekeeping provision of section 2244(b)(3)(A). Any claims for relief in this action which Williams previously set forth in his prior application would be dismissed. 28 U.S.C. § 2244(b)(1). In addition, Williams has failed to show that any claims in this case which were not set forth in his prior application—such as his miscarriage of justice and actual innocence claims[2]— fit within the exceptions of section 2244(b)(2)(B). Furthermore, Williams' assertions regarding the Ware County Superior Court's issuance of a permanent injunction does not state a claim for relief pursuant to habeas corpus principles. See, e.g., Farmer v. Brennan, 511 U.S. 825 (1994) (noting that claims in which prisoners assert that they are being subjected to conditions not imposed as part of their sentence are 42 U.S.C. § 1983 actions, not habeas actions).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Williams' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this _4th_ day of February, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[2] Even though Williams characterized these claims as being a miscarriage of justice and actual innocence claims, all of Williams' claims stem from the same basic premise—Williams' contention that he was indicted in an illegal manner, and thus, his prosecution, sentence, and incarceration are illegal as well.

AO 72A
(Rev. 8/82)